BEFORE THE FIRST DIVISION, DECEMBER 12, 1945

**No. 50760.**— Protest 93818–K of M. Pressner & Co. (New York).

Opinion by OLIVER, P. J.  In accordance with stipulation of counsel that the merchandise is similar in all material respects to that the subject of Abstract 50248, the claim at 60 percent under paragraph 31 (b) (2) was sustained.

**No. 50761.**— Protests 78337–K, etc., of Pistorino & Co., Inc., et al. (Boston and Los Angeles).

Opinion by COLE, J.  Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 50762.**— Protest 118509–K of Pacific Trading Co., Inc. (Los Angeles).

Opinion by MOLLISON, J.  In accordance with stipulation of counsel that the merchandise is the same in all material respects as that passed upon in *Nozaki Brothers* v. *United States* (1 Cust. Ct. 262, C. D. 61), the claim for free entry was sustained.

**No. 50763.**—Protest 748274–G of V. O. Milling Co. (Los Angeles).

Opinion by MOLLISON, J.  It was stipulated that the merchandise consists of ground kelp the same in all material respects as that the subject of *Centennial Flouring Mills Co.* v. *United States* (29 C. C. P. A. 264, C. A. D. 200) and *United States* v. *Nippon Co.* (32 id. 164, C. A. D. 303).  In accordance therewith the claim for free entry under paragraph 1705 was sustained.

BEFORE THE SECOND DIVISION, DECEMBER 12, 1945

**No. 50764.**—Protests 65037–K, etc., of Weil Bros. Textile, Inc. (New York).

Opinion by KINCHELOE, J.  It was stipulated that the merchandise is the same in all material respects as that passed upon in *Stephen Rug Mills* v. *United States* (32 C. C. P. A. 110, C. A. D. 293), and by the court's decision on remand in Abstract 50056.  In accordance therewith the protests were sustained as claimed.

**No. 50765.**—Protest 942274–G of Geo. E. Mallinson Import Co., Inc. (New York).

Opinion by KINCHELOE, J. It was stipulated that the merchandise is the same in all material respects as that passed upon in *Stephen Rug Mills* v. *United States* (32 C. C. P. A. 110, C. A. D. 293), and by the court's decision on remand in Abstract 50056. In accordance therewith the protest was sustained as claimed.

**No. 50766.**—Protests 974212–G, etc., of American Express Co. et al. (Boston, etc.).

Opinion by KINCHELOE, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE FIRST DIVISION, DECEMBER 14, 1945

**No. 50767.**—Protest 88698–K of Whitney Bros. (San Francisco).

OLIVER, Presiding Judge: This case presents the question of the dutiability of a Chinese junk which arrived in the United States as cargo on the deck of a steamer and was assessed with duty by the collector of customs at the rate of 33⅓ percent ad valorem under the provision in paragraph 412, Tariff Act of 1930, for "manufactures of wood * * * or of which wood * * * is the component material of chief value, not specially provided for." Plaintiff claims the junk is a "vessel" under the definition thereof found in section 3, Revised Statutes (1 U. S. C. § 3), and therefore was not subject to duty under the laws applicable to imported articles. An alternative claim that it was dutiable under paragraph 370 was abandoned.

The junk was brought to the United States, complete with interior decoration, furniture, bedding, clothing, and lifelike figures, for the purpose of being placed on exhibition in a pond, but such purpose was not carried out. Instead, the junk and accessories were placed in a storage room which was built immediately next to the pond, and there, apparently, it reposed at the time of trial. It appears that the hull was some 40 feet long, exclusive of a carved dragon's head and tail, which would add some 25 feet to the length, about 10 or 12 feet in breadth, and 5 feet in depth. It was made of wood, and contained cabins in which the furniture, etc., was to be placed. It had no mast, and no means of propulsion save a few oars and long poles.

Section 3, Revised Statutes, cited by the plaintiff, is a definition of the term "vessel" and reads as follows:

The word "vessel" includes every description of water craft or other artificial contrivance used, or capable of being used, as a means of transportation on water.

In support of its contention under the above section, plaintiff called as its sole witness Andrew Edgar, an auditor and accountant in its employ. The witness testified that he had engaged in yachting for 9 years constantly in Central Africa, had sailed small sailboats and fishing boats, and at one time operated a small steamship on the Congo River in Africa. He gave it as his opinion that the junk in question could be used as a means of transportation on water. On cross-examination, however, he testified as follows:

X Q. You do not pretend to know, by looking at a junk or a boat of any type that happens to be in storage, whether that boat or junk is seaworthy, do you?—A. No.

X Q. So that when you said that you believed, in your opinion, that this junk was capable of being used as a means of transportation in water you were merely speculating, were you not?—A. No, I was not because the junk had been floating on the Yangtze River for many years.